UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

3B'S LAND & GRAVEL, LLC,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CASE NO. C13-6009 BHS

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant United States of America's ("Government") motion to dismiss (Dkt. 41). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 6, 2012, Plaintiff 3B's Land & Gravel ("3Bs") filed a complaint in the District of Oregon against the Government. Dkt. 1. 3Bs asserts claims for declaratory relief, inverse condemnation in violation of the Fifth and Fourteenth

ORDER - 1

1  Amendments, taking in violation of the Fifth and Fourteenth Amendments, and quiet

2  title. *Id.*

3       On November 22, 2013, the case was transferred to this district. Dkt. 29.

4       On April 17, 2014, the Government filed a motion to dismiss for lack of

5  jurisdiction and failure to state a claim. Dkt. 41. On May 5, 2014, 3Bs responded. Dkt.

6  42. On May 9, 2014, the Government replied. Dkt. 43.

## II. DISCUSSION

8       Even if the Court has jurisdiction to hear 3Bs' claims[1], these claims are barred by

9  the doctrine of judicial estoppel. The Ninth Circuit has held that when a party fails to

10 disclose a potential cause of action in bankruptcy, it cannot later assert that claim in

11 another court. *See Hamilton v. State Farm & Cas. Co.*, 270 F.3d 778, 783 (9th Cir.

12 2001); *Rose v. Beverly Health & Rehab. Servcs.*, 295 Fed. Appx. 142, 144 (9th Cir.

13 2008).

> Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset.

*Hamilton*, 270 F.3d at 784 (citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)).

     In this case, 3Bs argues that it disclosed its claim against the Government to its creditors. The bankruptcy record, however, shows that 3Bs only disclosed that this

---

[1] The Court likely does have jurisdiction to hear 3Bs' quiet title claim because the claim addresses the scope of easements and likely accrued when 3Bs was given notice of the Government's interest in 2006.

ORDER - 2

dispute may inhibit or delay its ability to perform under the reorganization plan. *See* Dkt. 43, Exh. C § 5.14(G). 3Bs clearly had knowledge of the facts that a potential cause of action existed, yet failed to disclose the claim as a contingent asset. Under these facts, the Court is bound to apply the doctrine of judicial estoppel to bar 3Bs' claims. *Hamilton*, 270 F.3d at 784.

## III. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to dismiss (Dkt. 41) is **GRANTED.**

Dated this 4th day of June, 2014.

BENJAMIN H. SETTLE
United States District Judge